IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

GEORGIA GAMBLING RECOVERY LLC, *

Plaintiff, *

vs. * CASE NO. 4:26-cv-914 (CDL)

BLAZESOFT LTD., *et al.*, *

Defendants. *

O R D E R

Citing the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), 9 U.S.C. § 201 *et seq.*, the following Defendants removed this action to this Court based upon federal question jurisdiction: Blazesoft Ltd., Blazegames, Inc., and SCPS LLC d/b/a Zula Casino. Because this federal statute has no application to the claims or defenses here, it does not confer subject matter jurisdiction on this Court, and thus removal was improper. The Court grants Plaintiff's motion to remand (ECF No. 19).

DISCUSSION

Federal district courts have original jurisdiction over actions falling under the Convention. 9 U.S.C. § 203. A defendant may remove such an action if "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205.

An action "relates to" an arbitration agreement if the agreement is "sufficiently related to the dispute such that it conceivably affects the outcome of the case." *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323 (11th Cir. 2018), *rev'd and remanded on other grounds sub nom.*, *GE Energy Power Conversion France SAS, Corp v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020). Plaintiff argues that the arbitration agreement cannot conceivably affect the outcome of this action because Plaintiff did not sign the arbitration agreement, did not agree to be bound by it, and is not equitably estopped from avoiding its application. It is undisputed that Plaintiff is not a party to the arbitration agreement and did not otherwise affirmatively agree to be bound by it. Therefore, the only issue is whether it is equitably estopped from avoiding its application under Georgia law. That law is clear and uncomplicated: a signatory defendant may not use equitable estoppel to bind a non-signatory plaintiff to arbitration.[1] Although "[e]quitable estoppel has been used, under certain limited circumstances, to bring a nonsignatory party within the terms of an arbitration agreement," *Jackson v. Stevenson*, 930 S.E.2d 455, 461 (Ga. 2026), those narrow circumstances do not apply here.

[1] "State law controls on whether an arbitration clause in a contract can be enforced against a non-signatory to that contract." *Lubin v. Starbucks Corp.*, 122 F.4th 1314, 1321 n.2 (11th Cir. 2024).

Equitable estoppel "has most typically been applied 'where a non-signatory who had been sued under the contract containing the arbitration agreement sought to require the plaintiff, who was a signatory to that agreement, to abide by the same.'" *Id.* (quoting *Burke Moore Law Grp, LLP v. Drew, Eckl & Farnham, LLP*, 914 S.E.2d 333, 338 (Ga. Ct. App. 2025)). This application recognizes that a party should not be allowed to seek the benefit of the agreement on the one hand and attempt to avoid its consequences on the other. The Georgia Supreme Court has explained that "applying equitable estoppel in the reverse—to hail a nonsignatory into arbitration at the signatory's request—is far less established and is not supported by the same notions of fairness and equity." *Id.* This Court has applied this principle on at least one previous occasion. *See Leevers v. Bilberry*, No. 4:04-CV-34 (CDL), 2007 WL 315344, at *4 (M.D. Ga. Jan. 31, 2007)(explaining that equitable estoppel "cannot be used to require a nonsignatory to arbitrate a dispute where it never agreed to arbitrate anything.").

Apparently unpersuaded by this Court's prior application of the doctrine of equitable estoppel, Defendants argue that this action sufficiently implicates the Convention because Plaintiff's claims directly relate to or presume the existence of the contracts containing arbitration provisions. The Georgia appellate courts, however, have not extended equitable estoppel this far. The Court acknowledges the existence of a Georgia Court of Appeals decision

noting that equitable estoppel has been applied to allow a signatory defendant to enforce an arbitration clause against a nonsignatory plaintiff "where suit was brought on a contract containing an arbitration clause and where a second plaintiff was a signatory to the agreement." *Burke Moore Law Grp.*, 914 S.E.2d at 339. But that is not this case. The record here does not reveal any plaintiff who signed an arbitration agreement; nor does Plaintiff seek to enforce any agreement containing an arbitration clause. Plaintiff asserts a statutory claim under O.C.G.A. 13-8-3(b). The present record describes the simple case: a plaintiff who is not a signatory to an arbitration agreement and who's asserted right to relief arises from a statute, not from any agreement that contains an arbitration clause. Under Georgia law, equitable estoppel does not apply. Accordingly, Defendants have failed to carry their "burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand (ECF No. 19). The clerk shall remand this action to the State Court of Muscogee County.

IT IS SO ORDERED, this 3rd day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE